## P. O'LEARY v. JOHN L. HARRIS.

JURISDICTION OF SUPREME COURT IN APPEAL OR CERTIORARI FROM A JUSTICE OF THE PEACE.—The statute provides that in all cases of appeal from the judgment rendered in the court of a justice of the peace to the circuit court, when the amount in controversy exceeds the sum of fifty dollars, either party shall be entitled to a writ of error from the judgment of the circuit court, to the supreme court, as in cases originating in the circuit court. Rev. Code, 1871, § 1334. In cases originating before justices, it is the *amount* that gives jurisdiction to this court, and that amount must exceed fifty dollars. Appeals and writs of *certiorari* are only different modes of getting cases from the justice's court to the circuit court, and do not affect the question of jurisdiction.

ERROR to the Circuit Court of Hinds County. Hon. GEO. F. BROWN, Judge.

The opinion of the court and brief of counsel contain a sufficient statement of the case.

*Smith & Clifton*, for plaintiff in error, contended (1.) That the limitation of the right of appeal to cases where the amount in controversy exceeds the sum of fifty dollars, affects only such cases as have been carried to the circuit court from justices' courts by appeal, as

provided in § 1332 of Code of 1871. That this limitation is further restricted to cases where the amount in controversy shall exceed the sum of twenty dollars, when such cases have been tried by a jury. (2.) That the legislature has recognized a distinction between writs of appeal and *certiorari* — 1st. A writ of appeal must be prayed within five days after judgment is rendered ; a writ of *certiorari* may be granted at any time within six months. 2d. Appeals must be tried anew, in a summary way ; in *certiorari*, the court is confined to the examination of questions of law appearing on the face of the record.

Reporters find no brief in the record for defendant in error.

PEYTON, C. J., delivered the opinion of the court.

The record in this case shows that the defendant in error, on the 6th day of March, 1872, obtained a judgment against the plaintiff in error, in a court of a justice of the peace, for the sum of $20.12 and costs of suit.

From this judgment of the justice of the peace, the cause was taken to the circuit court by writ of *certiorari*, and, on the 21st day of June, 1872, a judment was rendered by said circuit court against the said P. O'Leary and P. J. Stone his surety in the supersedeas bond, for the said sum of twenty dollars and twelve cents with interest and costs ; and from this judgment, the case is brought here by writ of error.

The first question presented by this record for our solution involves the jurisdiction of this court to entertain the writ of error.

The statute provides that in all cases of appeal from the judgment rendered in the court of a justice of the peace, to the circuit court, where the amount in controversy exceeds the sum of fifty dollars, either party shall be entitled to writ of error from the judgment of the circuit court, to the supreme court, as in cases originating in the circuit courts. Section 1334 of the Rev. Code of 1871.

It is insisted by counsel for the plaintiff in error, that this pro-

vision of the statute is applicable only to cases of appeal from the justice's court to the circuit court, and not to cases brought to circuit court by the writ of *certiorari.*

In cases originating before justices, it is the *amount in controversy* which gives jurisdiction to this court, and that amount must exceed the sum of fifty dollars. Appeals and writs of *certiorari* are only different modes of getting cases from a court of a justice of the peace to the circuit court, and do not affect the question of jurisdiction which, as above stated, depends solely upon the amount in controversy.

In the case at bar, the amount in controversy being less than fifty dollars, this court has no jurisdiction of the cause, and the writ of error must, therefore, be dismissed.